UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| VS. | § | CRIMINAL NO. 4:14-CR-230-1 |
| | § | CIVIL ACTION NO. 4:16-CV-3440 |
| TOKUNBO PATRICK AIYEWA | § | |

## MEMORANDUM AND ORDER

Tokunbo Patrick Aiyewa pled guilty to one count of conspiracy to commit bank fraud, in violation of 18 U.S.C. § 1349, and to one count of aggravated identity theft, in violation of 18 U.S.C. §§ 1028A and 2. This Court sentenced him to a 39 month term of imprisonment and three years of supervised release, and ordered him to pay $20,957.43 in restitution. *See* Judgment (Doc. # 82). This case is before the Court on Aiyewa's motion to vacate, set aside, or correct his sentence (Doc. # 90), the government's response (Doc. # 105), and Aiyewa's reply (Doc. # 112). Having carefully considered the pleadings, all the arguments and authorities submitted by the parties, and the entire record, the Court is of the opinion that the Aiyewa's motion should be denied in part, and that an evidentiary hearing should be held as to one of Aiyewa's claims for relief.

## I.    Background

Aiyewa was indicted on three counts pertaining to a scheme to install skimming devices on ATMs to steal ATM users' account information. Aiyewa then used that information to purchase prepaid debit cards. Aiyewa pled guilty to one count of conspiracy to commit bank fraud, and one count of aggravated identity theft.

## II.  **Applicable Legal Standards**

Aiyewa brings this motion under 28 U.S.C. § 2255, which provides for relief "for errors that occurred at trial or sentencing." *Jeffers v. Chandler*, 253 F.3d 827, 830 (5th Cir. 2001).  A movant may obtain relief by showing

> that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack      .            .              .              .

28 U.S.C.A. § 2255(a).

## III.  **Analysis**

Aiyewa's motion asserts four claims of ineffective assistance of counsel.  In addition, one of the claims asserts that his guilty plea was not knowing and voluntary, and lacks a factual basis.

### A.  Guilty Plea

In his first claim for relief, Aiyewa contends that there was no factual basis for the charge of aggravated identity theft, and that his counsel was ineffective for failing to oppose the inclusion of this count in the plea agreement.

#### 1.  Waiver

As a preliminary matter, Aiyewa's plea agreement expressly waives his right to collaterally attack his sentence or conviction under section 2255.  *See* Plea Agreement (Doc. # 57) at 3-4.  Aiyewa now argues that the agreement is ambiguous and, under established principles of contract law, the alleged ambiguity should be construed against the drafter, *i.e.*, the government.

The agreement sets out the statutes giving Aiyewa the right to appeal a conviction or sentence, and to collaterally attack a conviction or sentence. *Id.* The agreement then states that

> Defendant knowingly and voluntarily waives the right to appeal or "collaterally attack" the conviction and sentence, except that Defendant does not waive the right to raise a claim of ineffective assistance of counsel on direct appeal, if otherwise permitted, or on collateral review in a motion under Title 28, United States Code, section 2255.

*Id.*, at 4. Aiyewa thus unambiguously waived his right to collaterally attack the substance of the conviction or sentence. Aiyewa retains the right to raise a claim of ineffective assistance of counsel, but not to attack the plea agreement itself.

While Aiyewa makes conclusory allegations that his plea was not knowing and voluntary, these claims are unsupported by any evidence and are directly contrary to Aiyewa's statements in open court, and in the written plea agreement. Aiyewa expressly acknowledged that he is a college graduate, was satisfied with his counsel's representation, understood the charges and the factual basis for the charges, and was freely pleading guilty. His attorney also stated that he reviewed the plea agreement with Aiyewa, and was satisfied that Aiyewa understood the terms of the agreement. *See, e.g.*, Re-Arraignment Transcript (Doc. # 99) at 3-8, 11-14,

"Absent evidence in the record, a court cannot consider a habeas petitioner's bald assertions on a critical issue in his *pro se* petition, unsupported and unsupportable by anything else contained in the record, to be of probative evidentiary value." *Ross v. Estelle*, 694 F.2d 1008, 1011 (5th Cir. 1983). "The . . . presentation of conclusory allegations unsupported by specifics is subject to summary dismissal. . .." *Blackledge v. Allison*, 431 U.S. 63, 74 (1977).

Aiyewa's conclusory, self-serving *post hoc* claims that he did not understand the nature of the plea agreement are contradicted by the record. Therefore, Aiyewa waived his right to

collaterally attack his conviction on any grounds other than ineffective assistance of counsel, and he is not entitled to relief on this claim. "[A]n informed and voluntary waiver of post-conviction relief is effective to bar to such relief." *United States v. Wilkes*, 20 F.3d 651, 653 (5th Cir. 1994).

2. Ineffective Assistance of Counsel

Aiyewa next argues that counsel rendered ineffective assistance by not objecting to the inclusion of the aggravated identity theft charge in the plea bargain because, Aiyewa contends, there is no factual basis for the charge.

To prevail on his remaining claim for ineffective assistance of counsel, Petitioner

> must show that . . . counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed by the Sixth Amendment. Second, the [petitioner] must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.

*Strickland v. Washington*, 466 U.S. 668, 687 (1984). In order to prevail on the first prong of the *Strickland* test, Petitioner must demonstrate that counsel's representation fell below an objective standard of reasonableness. *Id.* at 687-88. Reasonableness is measured against prevailing professional norms, and must be viewed under the totality of the circumstances. *Id.* at 688. Review of counsel's performance is deferential. *Id.* at 689. In the context of a plea agreement, Aiyewa must show that "but for counsel's errors he would not have pleaded guilty and would have insisted on going to trial," and that going to trial "would have given him a reasonable chance of obtaining a more favorable result" than he received under the plea agreement. *United States v. Batamula*, 823 F.3d 237, 240 (5th Cir. 2016) (*en banc*) (internal quotation marks and citation omitted).

The elements of aggravated identity theft are that Aiyewa:

(1) knowingly transferred, possessed, or used a means of identification of another person;

(2) knew that the means of identification belonged to another person;

(3) transferred, possessed, or used the name or account number of another person without lawful authority; and

(4) transferred, possessed, or used the name or account number of another during and in relation to the crime of access device fraud or bank fraud.

*See* 18 U.S.C. § 1028A.

Aiyewa admitted in the plea agreement that he installed a skimming device on a Capital One ATM. Plea Agreement (Doc. # 57), at 9. He skimmed the account information for 13 accounts, and used that information to create prepaid debit cards. *Id.* at 10. He used a stolen ATM card to make a withdrawal from a bank; the number of that card belonged to an individual identified as D.S. *Id.* at 11. He also used a computer to download the card numbers off the skimmer and re-encode the numbers onto used gift cards. *Id.*

Aiyewa cited *Flores-Figueroa v. United States*, 566 U.S. 646 (2009) to claim that the government must prove that he knew identity of the owner of the stolen account information. Aiyewa misreads *Flores-Figueroa*.

In *Flores-Figueroa*, the Supreme Court addressed an argument by the government that the aggravated identity theft statute does not require that a defendant know that the means of identity used in the crime belonged to another person. The Court rejected that argument, holding that "§ 1028A(a)(1) requires the Government to show that the defendant knew that the means of identification at issue belonged to another person." *Id.* at 657. Thus, *Flores-Figueroa* merely requires proof that Aiyewa knew that the means of identity belonged to another person and not, as Aiyewa argues, that he actually knew the name of the person to whom the means of identity belonged. As noted above, Aiyewa admitted that he knew that the means of identity belonged to

another person.  Therefore, there was a sufficient factual basis for the aggravated identity theft conviction.

Because the charge had a sufficient factual basis, Aiyewa does not identify any grounds on which counsel could have objected.  Nor does he identify any grounds for believing that the government would have agreed to a plea that did not include an aggravated identity theft charge.

To the extent that Aiyewa may contend that he would have gone to trial had no such plea been offered, he still fails to demonstrate prejudice.  Because the evidence is sufficient to support his conviction for aggravated identity theft, Aiyewa fails to show any likelihood that he would have been acquitted of this charge at trial.  Moreover, as the government points out, had Aiyewa gone to trial, he would not have received any sentencing benefit for acceptance of responsibility, and would thus have faced a harsher sentence.  Aiyewa therefore fails, at a minimum, to demonstrate any prejudice from his counsel's allegedly deficient performance regarding the aggravated identity theft plea, and he is not entitled to relief on this claim.

B.    Claims Related to Appeal

The remainder of Aiyewa's claims allege various instances of ineffective assistance of counsel relating to an appeal.  These include Aiyewa's claim that counsel failed to file a notice of appeal, despite Aiyewa's stated wish to appeal, and two claims that counsel failed to raise certain issues on appeal.  Aiyewa's trial counsel has submitted an affidavit stating that his retainer agreement with Aiyewa clearly stated that counsel was retained solely for purposes of the trial, and would not work on any appeal.

> In *Roe v. Flores-Ortega*, 528 U.S. 470, 120 S.Ct. 1029, 145 L.Ed.2d 985 (2000), the Supreme Court held that the failure to file a requested NOA is per se ineffective assistance of counsel, with or without a showing that the appeal would have merit. *Id.* at 483-86, 120 S.Ct. 1029. When an attorney fails to

> file a NOA when requested to do so, then, the
> defendant need not demonstrate that he would have
> been able to raise meritorious issues on appeal. *Id.*
> at 477-78, 120 S.Ct. 1029.

*United States v. Tapp*, 491 F.3d 263, 265 (5th Cir. 2007). The Fifth Circuit has since held that an evidentiary hearing is required to determine whether a defendant requested that his attorney file a notice of appeal. *See*, *e.g.*, *United States v. Taylor*, 270 F. App'x 363, 366 (5th Cir. 2008).

The government agrees that an evidentiary hearing is required on Aiyewa's claim that counsel failed to file a requested notice of appeal. An evidentiary will be held on this issue.

Because the evidentiary hearing will result in either a finding that Aiyewa is entitled to an out of time appeal, or a finding that counsel was not ineffective, Aiyewa's claims regarding counsel's alleged failure to raise substantive claims on appeal do not merit relief at this time. This is so because: (a) if counsel was not ineffective for failing to file a notice of appeal, then it necessarily follows that he was not ineffective for failing to raise claims on appeal; and, conversely (b) if counsel was ineffective, then Aiyewa will have an opportunity to raise his claims in an out of time appeal, obviating any prejudice from counsel's ineffectiveness.

## IV.    Certificate of Appealability

Aiyewa has not requested a certificate of appealability ("COA"), but this Court may determine whether he is entitled to this relief in light of the foregoing rulings. *See Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000) ("It is perfectly lawful for district court's [sic] to deny COA *sua sponte*. The statute does not require that a petitioner move for a COA; it merely states that an appeal may not be taken without a certificate of appealability having been issued.") A petitioner may obtain a COA either from the district court or an appellate court, but an appellate court will not consider a petitioner's request for a COA until the district court has denied such a request. *See Whitehead v. Johnson*, 157 F.3d 384, 388 (5th Cir. 1988); *see also*

*Hill v. Johnson*, 114 F.3d 78, 82 (5th Cir. 1997) ("[T]he district court should continue to review COA requests before the court of appeals does.").

A COA may issue only if the petitioner has made a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *see also United States v. Kimler*, 150 F.3d 429, 431 (5th Cir. 1998). A petitioner "makes a substantial showing when he demonstrates that his application involves issues that are debatable among jurists of reason, that another court could resolve the issues differently, or that the issues are suitable enough to deserve encouragement to proceed further." *Hernandez v. Johnson*, 213 F.3d 243, 248 (5th Cir.), *cert. denied*, 531 U.S. 966 (2000). The Supreme Court has stated that:

> Where a district court has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong.

*Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

This Court has carefully considered Aiyewa's motion. The Court finds that reasonable jurists would not find it debatable that Aiyewa's claims, other than his claim that counsel failed to file a requested notice of appeal, are foreclosed by clear, binding precedent. Aiyewa thus fails to make a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The Court therefore concludes that Aiyewa is not entitled to a certificate of appealability as to any of the claims denied in this memorandum and order.

## V.    <u>Conclusion</u>

For the foregoing reasons, Aiyewa's motion to vacate, correct, or set aside his sentence is denied as to all claims except his claim that counsel failed to file a notice of appeal.

## VI.    Conclusion And Order

For the foregoing reasons, it is ORDERED as follows:

A.    Tokunbo Patrick Aiyewa's motion to vacate, set aside, or correct sentence (Doc. # 89) is DENIED as to all claims except Aiyewa's claim that counsel failed to follow his instructions to file a notice of appeal;

B.    No certificate of appealability shall issue;

C.    Aiyewa shall, within 30 days of the date of this Order, either advise the Court that he has retained, or is taking steps to retain, counsel to represent him in the evidentiary hearing, or file a motion for appointment of counsel with appropriate proof that he is unable to afford retained counsel; and

D.    The Court will conduct an evidentiary hearing on the sole remaining claim for relief.

The Clerk shall notify all parties and provide them with a true copy of this Memorandum and Order.

It is so ORDERED.

SIGNED on this 26th day of April, 2018.

Kenneth M. Hoyt
United States District Judge