UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| VS. | § | CRIMINAL NO. 4:14-CR-230-1 |
| | § | |
| TOKUNBO PATRICK AIYEWA | § | |

**MEMORANDUM AND ORDER**

Tokunbo Patrick Aiyewa pled guilty to one count of conspiracy to commit bank fraud, in violation of 18 U.S.C. § 1349, and to one count of aggravated identity theft, in violation of 18 U.S.C. §§ 1028A and 2. This Court sentenced him to a 39 month term of imprisonment and three years of supervised release and ordered him to pay $20,957.43 in restitution. *See* Judgment (Doc. # 82). Aiyewa filed a motion to vacate, set aside, or correct his sentence (Doc. # 90). On April 26, 2018, this Court denied the motion with regard to Aiyewa's claims that his guilty plea was not knowing and voluntary, and that there was no factual basis to support the charge of aggravated identity theft. The Court ordered an evidentiary hearing on Aiyewa's claim that trial counsel failed to follow Aiyewa's instruction to file a notice of appeal, and held in abeyance Aiyewa's claims regarding counsel's alleged failure to raise certain issues on appeal. (Doc. # 113) The Court conducted an evidentiary hearing on August 20, 2018. Having carefully considered the pleadings, all the arguments and authorities submitted by the parties, and the entire record, including the evidence presented at the August 20 hearing, the Court is of the opinion that the Aiyewa's motion should be denied.

**I.     Background**

Aiyewa was indicted on three counts pertaining to a scheme to install skimming devices on ATMs to steal ATM users' account information. Aiyewa then used that information to

purchase prepaid debit cards. Aiyewa pled guilty to one count of conspiracy to commit bank fraud, and one count of aggravated identity theft.

## II.     Applicable Legal Standards

Aiyewa brings this motion under 28 U.S.C. § 2255, which provides for relief "for errors that occurred at trial or sentencing." *Jeffers v. Chandler*, 253 F.3d 827, 830 (5th Cir. 2001). A movant may obtain relief by showing

> that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack . . . .

28 U.S.C.A. § 2255(a).

## III.    Analysis

Aiyewa's remaining claims allege various instances of ineffective assistance of counsel relating to an appeal. These include Aiyewa's claim that counsel failed to file a notice of appeal despite Aiyewa's stated wish to appeal, and two claims that counsel failed to raise certain issues on appeal.

Aiyewa and his trial counsel, Paul Tu, both testified at the evidentiary hearing. Aiyewa testified that he told Tu he wanted to appeal, and asked Tu to file a notice of appeal. Tu testified that he informed Aiyewa that he does not handle appeals but that he could refer Aiyewa to an appellate attorney if Aiyewa called Tu's office. He further testified that Aiyewa never asked him to file a notice of appeal. In addition, Tu testified and submitted an affidavit stating that his retainer agreement with Aiyewa clearly stated that counsel was retained solely for purposes of the trial and would not work on any appeal. Tu explained that he does not do appellate work, and that it is his practice to file a notice of appeal if the client asks him to, and then withdraw

from the case. While Tu stated that he has never had occasion to do so in federal court, he has done so numerous times in state court and would have in this case had Aiyewa asked him to file a notice of appeal.

This issue comes down to a credibility contest, and the Court finds Tu more credible. Tu is an experienced criminal defense attorney. He made clear in writing at the outset of the attorney-client relationship that he would not handle an appeal for Aiyewa. Moreover, Tu has an established practice when a client asks him to file a notice of appeal, and following that practice is merely a ministerial task that takes little time or effort. There is simply no good reason why he would not have filed a notice of appeal had Aiyewa asked him to do so. Tu's testimony, unrebutted by Aiyewa, that Aiyewa never called to ask for a referral to an appellate attorney indicates that Aiyewa was not serious about pursuing an appeal and lends further credence to Tu's version of events. Because the Court finds that Aiyewa never asked Tu to file a notice of appeal, and because Tu made clear that he would not represent Aiyewa on appeal, Tu had no duty to raise any issue on appeal. Therefore, he was not ineffective.

## IV.  Certificate of Appealability

Aiyewa has not requested a certificate of appealability ("COA"), but this Court may determine whether he is entitled to this relief in light of the foregoing rulings. *See Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000) ("It is perfectly lawful for district court's [sic] to deny COA *sua sponte*. The statute does not require that a petitioner move for a COA; it merely states that an appeal may not be taken without a certificate of appealability having been issued.") A petitioner may obtain a COA either from the district court or an appellate court, but an appellate court will not consider a petitioner's request for a COA until the district court has denied such a request. *See Whitehead v. Johnson*, 157 F.3d 384, 388 (5th Cir. 1988); *see also*

*Hill v. Johnson*, 114 F.3d 78, 82 (5th Cir. 1997) ("[T]he district court should continue to review COA requests before the court of appeals does.").

A COA may issue only if the petitioner has made a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *see also United States v. Kimler*, 150 F.3d 429, 431 (5th Cir. 1998). A petitioner "makes a substantial showing when he demonstrates that his application involves issues that are debatable among jurists of reason, that another court could resolve the issues differently, or that the issues are suitable enough to deserve encouragement to proceed further." *Hernandez v. Johnson*, 213 F.3d 243, 248 (5th Cir.), *cert. denied*, 531 U.S. 966 (2000). The Supreme Court has stated that:

> Where a district court has rejected the constitutional claims on the merits, the showing required to satisfy § 2253© is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong.

*Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

This Court has carefully considered Aiyewa's motion. The Court finds that reasonable jurists would not find it debatable that Aiyewa's fails to make a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The Court therefore concludes that Aiyewa is not entitled to a certificate of appealability.

**V.     Conclusion**

For the foregoing reasons, and the reasons stated in this Court's April 26, 2018, Memorandum and Order, Aiyewa's motion to vacate, correct, or set aside his sentence is denied.

## VI. Order

For the foregoing reasons, it is ORDERED as follows:

    A.    Tokunbo Patrick Aiyewa's motion to vacate, set aside, or correct sentence (Doc. # 89) is DENIED; and

    B.    No certificate of appealability shall issue.

The Clerk shall notify all parties and provide them with a true copy of this Memorandum and Order.

It is so ORDERED.

SIGNED on this 26th day of October, 2018.

_____
Kenneth M. Hoyt
United States District Judge